# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James H. Alesia | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 8192 | **DATE** | August 1, 2000 |
| **CASE TITLE** | *Mary Lee Demick vs. City of Joliet* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. The court denies defendant City of Joliet's motion to dismiss Counts III, IV and V of plaintiff's complaint [#4-1].

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | AUG 0 2 2000 date docketed | | |
| ✓ | Docketing to mail notices. | | | 13 |
| | Mail AO 450 form. | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | |
| CW | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| MARY LEE DEMICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 99 C 8192 |
| | ) | |
| CITY OF JOLIET, | ) | Judge James H. Alesia |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the City of Joliet's motion to dismiss Counts III, IV and V of plaintiff Mary Lee Demick's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the court denies defendant's motion to dismiss.

## I. BACKGROUND

Plaintiff Mary Lee Demick ("Demick") has filed a five-count complaint against defendant City of Joliet (the "City"). Count III is a claim for violation of plaintiff's due process rights, alleging that the removal of Demick's name from an eligibility list was a confiscation of her property rights. Count IV is a claim for violation of the Age Discrimination Act.[1] Count V is a claim for violation of the Illinois Municipal Code (the "Code"), alleging that the City's removal of plaintiff from the eligibility list violated certain sections of the Code.

---

[1] Defendant's motion seeks to dismiss Count IV of plaintiff's complaint which alleges a violation of the Age Discrimination Act. However, plaintiff voluntarily dismissed that claim. Accordingly, on March 14, 2000, the court dismissed Count IV of plaintiff's complaint. (*See* Ct. Order, dated Mar. 14, 2000). Thus, defendant's motion to dismiss Count IV of plaintiff's complaint is moot.

The City is a home rule unit of government. Under its home rule powers, the City adopted an ordinance giving the Fire and Police Board the authority to establish operating rules. These rules regulate, among other things, the hiring and firing of firefighters. According to the City's rules, no applicant shall be considered for appointment of firefighter if that applicant has reached the age of thirty-five. (*See* Def. Mot. to Dismiss, Ex. B.)

In August of 1997, Demick applied for a firefighter/paramedic position with the City. Demick successfully passed all the tests and was qualified for the position. As a result, she was placed on the City's eligibility list in February of 1998. Firefighters are hired, as needed, from the eligibility list in rank order until the list expires. The eligibility list upon which Demick was placed was to expire on February 19, 1999. However, at some point, the City extended the list's expiration date until February 19, 2000. At the time Demick was placed on the eligibility list, she was thirty-four years old. Demick turned thirty-five on February 23, 1999. On March 10, 1999, Demick received a letter from the City informing her that her name had been removed from the eligibility list because, at thirty-five, she was no longer eligible to be hired as a firefighter pursuant to the Rules and Regulations of the Joliet Fire and Police Board.

In this motion, the City argues that its local Rules and Regulations, as enacted by the Fire and Police Board and adopted by the City, exclusively govern the procedures for the hiring of city firefighters. Further, the City argues that its local rules preempt any state statute governing the hiring of firefighters – including the Illinois Municipal Code. Thus, the City contends that Demick cannot state a claim for a violation of the Illinois Municipal Code and, therefore, Count

V of her complaint must be dismissed. Second, the City argues that, because she had no property interest in remaining on the eligibility list under the City's local ordinance, Count III of Demick's complaint fails to state a claim for violation of her procedural due process rights. Demick responds that the Illinois Municipal Code is not preempted by the City's local rules and, therefore, she was entitled to remain on the eligibility list until its expiration.

## II. DISCUSSION

### A. Standard for Deciding a Rule 12(b)(6) Motion to Dismiss

In addressing the City's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of plaintiff. *Gomez v. Illinois State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir. 1987); *Cromley v. Board of Educ. of Lockport*, 699 F. Supp. 1283, 1285 (N.D. Ill. 1988). If, when viewed in the light most favorable to the plaintiff, the complaint fails to state a claim upon which relief can be granted, the court must dismiss it. *See* FED. R. CIV. P. 12(b)(6); *Gomez*, 811 F.2d at 1039. However, the court may only dismiss the claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

While the Federal Rules of Civil Procedure provide a liberal notice pleading standard, the complaint must include either direct or inferential allegations with respect to all material elements of the claims asserted. *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). Bare

legal conclusions attached to narrated facts will not suffice. *Strauss v. City of Chicago*, 760 F.2d 765, 768 (7th Cir. 1985).

In deciding a Rule 12(b)(6) motion, the court is ordinarily limited to the allegations contained in the pleadings. Generally, if the court considers matters outside the pleadings, it must treat the motion as one for summary judgment and grant the parties time to submit additional materials described in Federal Rule of Civil Procedure 56 and Local Rule 56.1. FED. R. CIV. P. 12(b). However, the court may take judicial notice of matters of public record such as "state statutes, city charters, and city ordinances." *Pleva v. Norquist*, 36 F. Supp. 2d 839, 843 (E.D. Wis. 1999) (citing *Newcomb v. Brennan*, 558 F.2d 825, 829 (7th Cir. 1977)); *see also Henson v. CSC Credit Serv.*, 29 F.3d 280, 284 (7th Cir. 1994) (holding that a court may take judicial notice of matters of public record). In this case, the matters outside of the pleadings – local ordinances and the City's Rules and Regulations – are matters of public record of which this court can take judicial notice. Thus, the court will not convert this motion to dismiss into a motion for summary judgment. *Pleva*, 36 F. Supp. 2d at 843 ("[b]ecause the defendant's motion to dismiss relies only upon judicially noticeable ordinances and resolutions, there is no need to convert it to a motion for summary judgment.")

### B.  Count V – Violation of the Illinois Municipal Code

In this case, the City has enacted an ordinance which prohibits the hiring of an applicant for the position of firefighter if the applicant is over the age of thirty-five. The City argues that its local ordinance supersedes any state statute which regulates the hiring and firing of police and

fire personnel and, more specifically, that the Illinois Municipal Code is inapplicable. Thus, the City contends that the Illinois Municipal Code, upon which Demick relies in Count V, is superseded and that that claim should be dismissed. Demick, on the other hand, argues that the City's ordinance does not conflict with the Illinois Municipal Code and, therefore, it is not superseded. More specifically, Demick argues that the section of the Illinois Municipal Code – which addresses the age limitation as applied to eligibility lists – is applicable because the City's ordinance does not address this issue and, therefore, has not enacted any conflicting rule. Thus, the issue in this case is whether the City – in adopting its own Rules and Regulations – intended to entirely preempt the Illinois Municipal Code.

As a home rule unit, the City is empowered by the Illinois Constitution to regulate – through ordinances and local rules – for the protection of the public health, safety, morals and welfare. ILL. CONST. art. VII, § 6(a). "Home rule units may exercise and perform currently with the State any power or function of a home rule unit ...." *Id.* § 6(i). In addition, a home rule unit "may enact ordinances pertaining to municipal employees which conflict with state statutes concerning the same matters." *Burgess v. Board of Fire & Police Comm'rs.*, 568 N.E.2d 430, 433 (Ill. App. Ct. 1991) (citing article 7 of the Illinois Constitution). More specifically, Illinois courts have held that the Illinois Constitution permits home rule units to adopt ordinances regulating police and fire personnel which differ from or conflict with state statutes. *Provenzano v. City of Des Plaines*, 629 N.E.2d 100, 101 (Ill. App. Ct. 1993). If a home rule's local ordinance conflicts with a state statute, the Illinois Supreme Court has held that the local

5

ordinance supersedes the conflicting state statute. *Stryker v. Village of Oak Lawn*, 343 N.E.2d 919, 922 (Ill. 1976). However, under the Illinois Constitution, home rule units can exercise their powers concurrently with state statutes. ILL. CONST. art VII, § 6(i); *see also McCann v. City of Chicago*, Nos. 89 C 2879 & 90 C 0464, 1991 WL 2537, *1 (N.D. Ill. Jan. 8, 1991). Thus, a local ordinance does not necessarily preempt a state statute – the two may rule concurrently.

The City of Joliet's Fire and Police Board proposed rules and regulations governing appointments to the City's fire department which were subsequently adopted by the City.[2] The rule governing applicants states:

> No actual firefighting experience required; however, an applicant will not be considered for appointment unless he has reached his twenty-first (21st) birthday and has not reached his thirty-fifth (35th) birthday. ... All candidates must satisfactorily pass [several] examinations to become eligible for placement on the eligible register. ... In determining the eligible register only the final grade in the total of the weighted score for the written and oral examination shall be considered in arriving at the relative ranking on individuals on the eligible register.

(*See* Def. Mot. to Dismiss, Ex. B.) Moreover, with respect to lists of eligibility, the local rule states:

> The Board shall certify and maintain eligible registers, by classification and rank, of persons having passed examinations. Original appointments shall be made from the register according to highest rank. ... Eligible registers for original appointment shall be valid for a two (2) year period from the date of establishment, unless sooner exhausted. ... The Board of Fire and Police Commissioners may provide for the establishment of a new eligible register at any such time as prior registers, in their opinion, have been exhausted.

---

[2] It is generally accepted that, under home rule powers, a local government may enact ordinances governing the hiring and firing of police and fire personnel, including age limitations. *See Stryker*, 343 N.E.2d at 922; *Provenzano*, 629 N.E.2d at 101.

*Id.* On the other hand, the Illinois Municipal Code provides that "[a]ll applicants for a position in either fire or police department of the municipality shall be under 35 years of age ...." 65 ILL. COMP. STAT. 5/10-2.1-6(a). With respect to register or eligibility lists, the Illinois Municipal Code states that "[i]f a person is placed on an eligibility list and become overage before he or she is appointed to a police or fire department, the person remains eligible for appointment until the list is abolished pursuant to authorized procedures." *Id.* at 5/10-1-12.

The Illinois Municipal Code expressly says that an applicant who turns thirty-five will remain on the eligibility list until the list expires or is abolished. *Id.* The City's local ordinance does not have a similar express provision. Thus, the question is whether the local ordinance's silence on this issue negates preemption. In other words, the issue is whether the City's local rules run concurrently with the state's Illinois Municipal Code or whether its rules preempt the Code.

Generally, the "[p]owers and functions of the home rule units shall be construed liberally." ILL. CONST. art. VII, § 6(m). Yet at least one Illinois court has found that, when a home rule unit's local ordinance does not conflict with a state statute, or when that local ordinance is silent to an issue addressed in the state statute, the local ordinance does not necessarily supersede the entire statute. *See Budka v. Board of Pub. Safety Comm'rs*, 458 N.E.2d 126, 129-30 (Ill. App. Ct. 1983).

Many home rule units – when adopting a local ordinance – include a "preemption" clause in the ordinance itself clearly stating the home rule's position on the applicability of a state

statute. For example, in *Burgess v. Board of Fire & Police Comm'rs*, the city defendant had specifically enacted a preemption section of its code which said that it intended to preempt any state statute. *Burgess*, 568 N.E.2d at 433; *see also Budka*, 458 N.E.2d at 129-30 (local ordinance contained clause which specifically stated that the state statute applied unless directly contradicted by local rule). In this case, however, the City's local ordinance does not contain a preemption clause which addresses whether it intended to completely preempt the Illinois Municipal Code. Thus, the court must look to the rules of statutory construction.

The standard for statutory interpretation is whether the intent of the legislative body is clear as to the precise question at issue. *American Society of Cataract & Refractive Surgery v. Shalala*, 94 F. Supp. 2d 914, 924 (N.D. Ill. 2000) (citing *Regions Hosp. v. Shalala*, 522 U.S. 448 (1998)). The court must look at both the statutory scheme and the real-world situation to which the language pertains. *Id.* Further, if the statute or ordinance is silent or ambiguous with respect to the specific issue, the court must then determine whether the proposed interpretation of the statute or ordinance is reasonable. *Id.* "The construction of the statute should not render any of the provisions superfluous or redundant." *Budka*, 458 N.E.2d at 130.

One rule of statutory construction is that a specific enactment must prevail over more general laws relating to the same subject matter. *McCann v. City of Chicago*, No. 90 C 0464, 1991 WL 2537, at *2 (N.D. Ill. Jan. 8, 1991). However, rules of statutory construction also require the court to read statutory terms according to their plain and commonly accepted meaning. *Id.*

The City's ordinance – as presented to the court – does not have a "preemption" clause or any other paragraph which explicitly states the Board's intent. Thus, it is unclear on the face of the ordinance whether the City intended to completely preempt the Illinois Municipal Code when it passed its local ordinance, or whether the local ordinance was to be a supplement to the state statute. While conflicting statutes are superseded by local ordinances, the Illinois Constitution says that home rule units may exercise control *concurrently* with the state. ILL. CONST. art. VII, § 6(i). Further, Illinois courts have found that, when a local ordinance is not contradictory to a state statute and is, in fact, silent on an issue addressed by the state statute, then both regulations govern. *See Budka*, 458 N.E.2d at 129-31. Thus, a local ordinance and a state statute can coexist. In order for the court to determine the City's intent, the inquiry would require the court to look to the history of the ordinance and, quite likely, affidavits from city officials and/or the Fire and Police Board. Thus, the court cannot determine whether the local ordinance completely preempts the Illinois Municipal Code from the pleadings and statutes attached to the pleadings. This issue, therefore, is not appropriate for a motion to dismiss. Accordingly, the court denies the City of Joliet's motion to dismiss Count V of Demick's complaint.

## C. <u>Count III – Procedural Due Process Violation</u>

In Count III of her complaint, Demick claims that she was deprived of property interests without a hearing. Specifically, she claims that her right to procedural due process under the Fourteenth Amendment was violated when her name was removed from the eligibility list

9

without a hearing or notice. In its motion to dismiss, the City claims that Demick's claim must fail because she has no property interest in remaining on the eligibility list.

To state a claim for deprivation of property without due process, a claimant must allege that she was deprived of a property right. *Pleva*, 36 F. Supp. 2d at 848. In this context, "property" is defined as something which plaintiff is securely entitled to under state or local law. *Id.* (citing *Reed v. Village of Shorewood*, 704 F.2d 943, 948 (7th Cir. 1983)). To have a property interest which is protected by procedural due process, the Supreme Court has said that a person must have "a legitimate claim of entitlement to it." *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972). Under the Illinois Municipal Code, a person is entitled to remain on an eligibility list even if that person has reached the age of thirty-five. Thus, a person on an eligibility list would have, under the Illinois Municipal Code, a protected property interest in remaining on that list until the list's expiration. *See Stana v. School Dist. of Philadelphia*, 775 F.2d 122, 125-26 (3d Cir. 1985) (cited in *Dziewior v. City of Marengo*, 715 F. Supp. 1416, 1420 (N.D. Ill. 1989)).

Under the Illinois Municipal Code, Demick would be entitled to remain on the eligibility list until it expired. Thus, if that statute governs, then she would have a property interest in remaining on such list. Consequently, her removal one year prior to the list's expiration would be a deprivation of her due process rights. However, if the Illinois Municipal Code is preempted by the City's local ordinance, then Demick was not entitled to remain on the eligibility list and, therefore, she has not alleged a protected property interest. The court cannot, at this time, determine which of the statutes governs the age limitation regarding the eligibility list. (*See infra* Sect. II.B.) Thus, as alleged in Count III of her complaint, it may be possible for Demick

to state a claim for a due process violation. Accordingly, the court denies the City's motion to dismiss Count III of Demick's complaint.

### III. CONCLUSION

For the foregoing reasons, the court denies defendant's motion to dismiss Counts III and V of plaintiff's complaint.

_____AUG 01 2000_____    _____
Date                                                James H. Alesia
                                                    United States District Judge